# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVON EDWARD COOPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72315

FILED

NOV 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. The district court denied the petition without conducting an evidentiary hearing. We conclude that the district court erred and remand for additional proceedings.

The facts of this case are complicated. Appellant had four pending criminal cases. The prosecutor offered to resolve all of the cases by way of a global plea agreement, in which appellant would plead guilty in the other cases and, in exchange, the charges in this case would be dismissed. Appellant represents that his attorney in two of the other cases, Claudia Romney, did not meet with him to discuss the offer and it therefore lapsed. As a result, the charges in this case were not dismissed.

17-39398

After pleading guilty in this case, appellant filed a postconviction petition alleging that Romney was deficient for failing to communicate with him regarding the offer and advise him accordingly. *See Missouri v. Frye*, 566 U.S. 134, 146 (2012) (recognizing that counsel is deficient for failing to communicate a plea offer); *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) (recognizing that a defendant has the right to effective assistance of counsel in considering whether to accept a plea). Appellant argued that he was prejudiced by Romney's allegedly deficient performance because the charges in this case were not dismissed. *See Frye*, 566 U.S. at 147 ("To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."). The district court denied the claim without conducting an evidentiary hearing, reasoning that Romney was not the attorney in this case and appellant was therefore required to challenge her performance in the cases where her performance occurred. We disagree. Appellant had the right to the effective assistance of counsel in this case and his other cases. Challenging Romney's performance in the other cases, however, would not adequately protect this right because the global plea agreement would have resulted in the charges in this case getting dismissed. Under these extremely unusual circumstances, we conclude that appellant is permitted

SUPREME COURT
OF
NEVADA

 

to challenge Romney's performance to the extent he can demonstrate that he was prejudiced in this case.[1] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Elizabeth Goff Gonzalez, Chief Judge
        Resch Law, PLLC d/b/a Conviction Solutions
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]We express no opinion as to whether appellant can demonstrate the type of deficient performance or prejudice described in *Frye*. 566 U.S. at 147 ("[D]efendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it."). We recognize that the record suggests Romney tried to contact appellant but he refused to speak with her in an attempt to delay the proceedings, which had already been pending for a significant amount of time. The district court did not reach these issues and we cannot address them in the first instance.